**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 11-4797**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TIFFANY BOLNER,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Marvin J. Garbis, Senior District
Judge.  (1:10-cr-00632-MJG-2)

―――――――――

Submitted:  May 29, 2012            Decided:  June 6, 2012

―――――――――

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

―――――――――

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

―――――――――

Howard Margulies, Columbia, Maryland, for Appellant. Paul E.
Budlow, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiffany Bolner pled guilty in accordance with a written plea agreement to conspiracy to produce child pornography, 18 U.S.C. § 2251(e) (2006), and two counts of production of child pornography, 18 U.S.C. § 2251(a) (2006). She was sentenced to 235 months in prison on each count; the sentences run concurrently. Bolner now appeals. Her attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether Bolner validly waived her right to appeal but concluding that there are no meritorious issues for appeal. Bolner has filed a pro se supplemental brief claiming that her sentence is too severe. The United States moves to dismiss the appeal in part based on Bolner's waiver of her appellate rights. We grant the motion to dismiss, dismiss in part, and affirm in part.

A defendant may waive her right to appeal if the waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Whether a defendant validly waived her right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the record, we conclude that Bolner knowingly and voluntarily waived the right to appeal her conviction and sentence, with the exception of a claim that the

sentence exceeded 327 months — the top of her advisory Guidelines range. We note that the waiver provision was set forth in a separate paragraph of the plea agreement, which Bolner signed and indicated that she understood. Further, the waiver provision was accurately summarized at Bolner's Fed. R. Crim. P. 11 hearing. Finally, Bolner informed the court at the hearing that she understood that she was waiving her right to appeal. We conclude the waiver is valid and enforceable.

Given a valid appeal waiver, the next issue is whether the issue the appellant seeks to raise lies within the scope of that waiver. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Bolner's claim in her pro se supplemental brief that her sentence is too severe falls within the scope of the waiver. We therefore grant the Government's motion to dismiss Bolner's appeal of her sentence.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We affirm in part and dismiss in part. Counsel's motion to withdraw is denied at this time. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court at that time for leave to withdraw from

representation.  Counsel's motion must state that a copy was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u><br>
<u>AFFIRMED IN PART</u>